IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KYLE NELSON,

        Petitioner,       :    Case No. 3:14-cv-354

- vs -                              District Judge Walter Herbert Rice
                                      Magistrate Judge Michael R. Merz

DONALD MORGAN, Warden,

                                       :

        Respondent.

## REPORT AND RECOMMENDATIONS

This action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus is before the Court on Respondent's Motion to Dismiss (Doc No. 4) which Petitioner opposes (Doc. No. 6).

Respondent contends the Petition is barred by the statute of limitations enacted as part of the Antiterrorism and Effective Death Penalty Act and codified at 28 U.S.C. § 2244(d) which provides:

> (d)
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Warden calculates the time in support of his Motion as follows: Nelson was convicted by a jury and took a timely direct appeal to the Second District Court of Appeals on February 10, 2012. That court affirmed the conviction and sentence on December 7, 2012. *State v. Nelson*, 2012-Ohio-5797, 2012 Ohio App. LEXIS 4984 (2nd Dist. Dec. 7, 2012). Nelson did not take a direct appeal from this decision to the Supreme Court of Ohio, so his conviction became final on direct appeal January 21, 2013, the last day on which such an appeal could have been taken. The one-year statute of limitations thus began to run that day.

The Warden concedes that the running of the statute was tolled as of February 25, 2013, when Nelson filed an application to reopen the direct appeal with the Second District (Motion, Doc. No. 4, PageID 499). That Application was denied April 26, 2013, and Nelson again did not seek review in the Ohio Supreme Court, so the statute began to run again on that date. By the Warden's calculation, the statute then expired on March 22, 2014. Nelson did not file his Petition here until October 16, 2014.

Nelson does not dispute the dates cited by the Warden, but claims the time to file was tolled by his circumstances in prison under § 2244(d)(1)(B). He acknowledges that the Second

2

District affirmed his conviction on December 7, 2012, but avers that he was

> [C]onfined in segragation [sic]from September 8, 2012, through May 6, 2013 – meaning the whole time [he was incarcerated at Lebanon Correctional Institution]. Petitioner was in segregation [sic], didn't have access to <u>all</u> his legal work, or the law library – so Petitioner was physically unable to appeal properly to [the] Ohio Supreme Court.

(Reply, Doc. No. 6, PageID 515).  Even when he came out of segregation at Lebanon on May 6, 2013, he was transferred to the controlled movement unit at Ross Correctional where he had limited law library access until he was again placed in segregation on August 24, 2013, and kept there until being transferred to his present place of incarceration at the Southern Ohio Correctional Facility at Lucasville on November 25, 2013.  *Id.*  After only five days at Lucasville, he was again placed in segregation until March 4, 2014.  *Id.*  He asserts that once all these impediments were removed, he filed immediately.  *Id.*  However, more than seven months expired between his release from segregation and his filing here.

To qualify as an "impediment" which tolls the statute under § 2244(b)(1)(B), the impediment must have been (1) created by unconstitutional state action and (2) actually prevented the filing.  Nelson does not argue that his placement in segregation was unconstitutional.  Nor did his placement in segregation prevent him from all filings.  For example, he admits he filed his initial application under Ohio R. App. P. 26(B) on February 25, 2013, while in segregation (Reply, Doc. No. 6, PageID 514).  He does not explain why that filing was possible while in segregation, but the Petition was not, except to say he had the relevant transcripts for that application. *Id.*  at PageID 516.

The Magistrate Judge concludes Nelson has not proven his entitlement to statutory tolling of the statute of limitations under 28 U.S.C. § 2244(b)(1)(B).

Nelson also claims he is entitled to equitable tolling of the statute because he is actually innocent, relying on the Supreme Court's recent decision in *McQuiggin v. Perkins*, 569 U.S. \_\_\_, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). In *McQuiggin* the Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

133 S. Ct. at 1928.

*McQuiggin* refers back to *Schlup v. Delo*, 513 U.S. 298, 316 (1995), for the standard for establishing actual innocence. The Sixth Circuit summarized actual innocence jurisprudence in *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005):

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror

> would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Id.* at 590.

Nelson acknowledges the *Schlup* standard, but essentially admits he does not satisfy it. He states "[a]lthough the evidence I am presenting it not 'new' (trial transcripts showing specific trial testimony), it is however, the testimony of a 'trustworthy eyewitness' – the 3 eyewitnesses to the shooting in this case." (Reply, Doc. No. 6, PageID 516-17.) Nelson proceeds at great length to discuss the eyewitness testimony presented at trial. But the trial testimony does not qualify under *Schlup*. As the Sixth Circuit's quotation from *Schlup* makes clear, the evidence relied on to establish the actual innocence gateway must be "new reliable evidence . . .that was not presented at trial." Evidence presented at trial and already considered by the finder of fact does not satisfy *Schlup*. Because Nelson has presented no new evidence, he does not qualify for the *Schlup* actual innocence gateway to toll the statute of limitations.

**Conclusion**

Based on the foregoing analysis, the Motion to Dismiss should be GRANTED and the Petition herein dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 13, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).