IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KYLE NELSON,

        Petitioner,     :     Case No. 3:14-cv-354

  - vs -                       District Judge Walter Herbert Rice
                              Magistrate Judge Michael R. Merz

DONALD MORGAN, Warden,

                              :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 8) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 7) recommending that this case be dismissed as time-barred under 28 U.S.C. § 2244, the relevant statute of limitations. Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 9).

       Nelson claimed his time for filing was tolled under § 2244(d)(1)(B) while he was kept in various kinds of restricted environments in the Ohio prisons. He asserts this was an "impediment" to filing and his time should not run while the impediment existed. The Report rejected that argument because the statute only speaks to unconstitutional impediments, which has not been shown here. The Report also found Nelson had not shown how it was possible for him to file an Ohio App. R. 26(B) Application while in segregation, but not a habeas petition. He objects that he has repeatedly said he did not have access to (1) "all his legal work" or (2) the

1

law library.  Lack of access of this sort will not excuse a late filing.  *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004).

Nelson claimed he filed as soon as the impediment was lifted, but the Report noted he took seven months to do so.  He says this was because he "had not yet exhausted all state remedies."  (Objections, Doc. No. 8, PageID 535-36.)  He notes that he filed his 26(B) Application on April 17, 2013, it was denied on June 27, 2014, and he then appealed to the Ohio Supreme Court which declined jurisdiction on October 8, 2014.  *Id.* at PageID 536.

What Nelson fails to mention is that the referenced 26(B) Application was his second. Ohio App. R. 26(B) makes no provision for successive applications.  *State v. Richardson,* 74 Ohio St. 3d 235 (1996).  Indeed, "there is no right to file successive applications for reopening" under App. R. 26(B).  *State v. Twyford,* 106 Ohio St. 3d 176 (2005), *quoting State v. Williams,* 2003-Ohio-3079, ¶ 12, 99 Ohio St. 3d 179. Once the issue of ineffective assistance has been raised and adjudicated, *res judicata* bars its relitigation, *State v. Cheren,* 73 Ohio St. 3d 137 (1995), following *State v. Perry*, 10 Ohio St. 2d 175 (1967).   Because Ohio law does not provide for second or successive 26(B) applications, that was not a remedy he was required to exhaust because it was not available to him.  Furthermore, it did not toll the time because it was not "properly filed" as required under 28 U.S.C. § 2244(d)(2).

Nelson also sought to have his time for filing tolled under the actual innocence exception to the statute of limitations recognized by the Supreme Court in *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013).  The Report rejected this claim because it was based on testimony presented at trial, not new evidence such as is required by *Schlup v. Delo*, 513 U.S. 298 (1995).  Nelson admits the evidence is not new, but claims it is unjust to convict a person when the evidence presented at trial by three eyewitnesses is contrary to the conviction.

2

This Court cannot reach the merits of Nelson's claim that the court of appeals decision is an unreasonable determination of the facts because he filed too late. It will sometimes be the case that a court cannot consider the justice of a claim because a petitioner does not raise the claim in time. This happens every time a case is barred by the statute of limitations, but the Supreme Court has never held that this particular statute of limitations is unconstitutional.

**Conclusion**

Based on this analysis, it is again respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 29, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

3

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).