IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KYLE NELSON, :

    Petitioner,

  v. : 

DONALD MORGAN, WARDEN,

    Respondent. :

Case No. 3:14-cv-354

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #7) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #10); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##8, 11); SUSTAINING RESPONDENT'S MOTION TO DISMISS PETITION AS TIME-BARRED (DOC. #4); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (DOC. #1) WITH PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his January 13, 2015, Report and Recommendations (Doc. #7), and his January 29, 2015, Supplemental Report and Recommendations (Doc. #10), as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety. Petitioner's Objections (Docs. ##8, 11) to those judicial filings are OVERRULED for the following reasons.

Under the Antiterrorism and Effective Death Penalty Act, a state prisoner has one year to file an application for a writ of habeas corpus. As is relevant here, that limitation period ran from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action . . .

28 U.S.C. § 2244(d)(1). In calculating the statute of limitations, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244 (d)(2).

Magistrate Judge Merz correctly found that, because Petitioner failed to file a timely appeal with the Ohio Supreme Court, Petitioner's judgment became final on January 21, 2013, forty-five days after the state appellate court affirmed his conviction. Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled for 60 days while Petitioner's Motion to Reopen under Ohio App. R. 26(B) was pending. Accordingly, Petitioner had until March 22, 2014, to file his habeas petition.[1] The petition (Doc. #1), however, was not filed until October 16, 2014.

---

[1] On April 23, 2014, Petitioner filed a second Rule 26(B) application, which was denied, on grounds of *res judicata*, on June 27, 2014. The Ohio Supreme Court denied his appeal on October 8, 2014. Because the statute of limitations on the habeas petition had already run by the time Petitioner filed the second 26(B) application, it could not have further tolled the statute of limitations. The tolling provision in § 2254(d)(2) does not serve to revive a limitations period that has

2

It was, therefore, untimely, unless Petitioner can show that statutory or equitable tolling applies.

Invoking 28 U.S.C. § 2244(d)(1)(B), Petitioner first argues that his claim is subject to statutory tolling because the State created an impediment. He claims that he was unable to file his habeas petition in a timely manner because the State denied him access to his legal papers and to the prison law library, in violation of his constitutional rights. Petitioner states that he was in segregation or lockdown status, with little or no access to the law library, from September 8, 2012, until May 6, 2013, from August 24, 2013, until November 25, 2013, and again from November 30, 2013, until March 4, 2014.[2]

Prisoners have a constitutional right of meaningful access to the courts. In turn, prisoners must be provided with adequate access to a law library or adequate legal assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Petitioner claims that, during the time he was in segregation, he could obtain legal research materials only if he requested specific books, which would be delivered by the law librarian once a week. Courts have held that, standing alone, such a "paging" system is inadequate, because "it is unrealistic to

---

already run. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Moreover, as Magistrate Judge Merz noted, because Petitioner had no right to file a successive application under Rule 26(B), this was not a remedy that he was required to exhaust prior to filing his habeas petition.

[2] Petitioner also claims that this is the reason he was unable to file a timely appeal with the Ohio Supreme Court.

3

expect a prisoner to know in advance exactly what materials he needs to consult." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978).[3]

The Court need not determine, at this juncture, whether Petitioner's constitutional right of access to the courts was violated during the intermittent periods of time that he was in segregation. Regardless of whether the prison's paging system was constitutionally adequate, Petitioner has failed to show how his limited access to the law library prevented him from filing a timely habeas petition. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that an inmate must establish that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.").

As Magistrate Judge Merz noted, the alleged lack of access to the law library did not prevent Petitioner from filing his first 26(B) application on February 25, 2013, while in segregation. Petitioner maintains that he was able to do this only because he had the relevant pages of the trial transcript in his possession at the time.

Petitioner argues that, in contrast, his lack of direct access to a law library prevented him from filing his habeas petition in a timely manner. Yet, he admits that he had access to the law library for 20 minutes, three or four times per week,

---

[3] In contrast, a "paging" system, combined with reasonable access to persons trained in the law, has been found constitutionally adequate, particularly for prisoners considered to be security risks. *See Knecht v. Collins*, Nos. 96-3682, 96-3735, 96-4114, 1999 WL 427173, at *5 (6th Cir. June 15, 1999). Petitioner fails to indicate whether, during the time he was in segregation, he had access to persons trained in the law.

4

from May 6, 2013, until August 24, 2013. Doc. #6, PageID#515. He fails to explain why he was unable to complete necessary legal research during this time period. In *Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003), the Sixth Circuit held that, unless the restrictions rise to the level of a constitutional violation, there is no basis for statutory tolling under § 2254(d)(1)(B). The court held that, even though the petitioner had just 1.5 hours each week in the library, this did not constitute a "state-created impediment to his access to the courts." *Id.* Likewise, because Petitioner in this case has not shown that a State-created impediment actually prevented him from filing a timely habeas petition, the Court concludes that he is not entitled to statutory tolling.

Nor is Petitioner entitled to equitable tolling of the statute of limitations, which would require a showing that Petitioner "has been pursuing his rights diligently, and [] that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Ordinary limitations on a prisoner's access to a law library do not constitute "extraordinary circumstances." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). *See also Maclin*, 74 F. App'x at 589 ("restrictions of prisoner library time are constitutional so long as those restrictions do not deny a prisoner's access to the courts."); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) ("the fact that Bonilla's time in the prison law library was limited to four hours per week was insufficient to establish cause to excuse his procedural default.").

Finally, Magistrate Judge Merz correctly found that Petitioner is not entitled to equitable tolling via the "actual innocence" gateway to habeas review, discussed in *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1928 (2013), and *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner concedes that he has no "new evidence" that was not presented at trial; this fact is dispositive.

For these reasons, the Court SUSTAINS Respondent's Motion to Dismiss (Doc. #4) the Petition as time-barred, and DISMISSES WITH PREJUDICE the Petition for Writ of Habeas Corpus (Doc. #1).

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 31, 2015

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE